UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIS BRAGGS, | No.  1:19-CV-1135-HBK (SS) |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks judicial review of a denial of Social Security disability benefits.  (Doc. No. 1, or "Pl's Initial Brief").  The Commissioner of the Social Security Administration filed the Certified Administrative Record of the proceedings. (Doc. No. 12 or "CAR").  The Commissioner filed its Opposition Brief to Plaintiff's Initial Brief.  (Doc. No. 21 or "Opposition").  Plaintiff filed a Reply. (Doc. No. 26, referred to as "Reply").  This case is ripe for review.1

**I. Social Security Act Eligibility and the ALJ Decision**

**A.  Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason

---

[1] Under Local Rule 302(c)(15) (E.D. Ca. 2019) and the parties' voluntary consent, this action was referred to the undersigned Magistrate Judge. *See* Doc. Nos. 8, 10.

of any medically determinable physical or mental impairment that can be expected to result in death, or that has lasted, or can be expected to last, for a continuous period of not less than 12 months.2  The impairment must be severe, making the claimant unable to do his or her previous work or any other substantial gainful activity that exists in the national economy.3

### B. Relevant Procedural History

On May 21, 2015, Plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income.  (CAR, Doc. No. 12-3 at 29).  Plaintiff asserted an onset date of December 1, 2014.  (Id.).  The claims were initially denied on August 14, 2015 and denied upon reconsideration on January 29, 2016.  (Id.).

Administrative Law Judge Sharon L. Madsen ("ALJ") held a hearing on October 10, 2017.  (Id.; see also CAR, Doc. No. 12-8 at 38).  On January 31, 2018, the ALJ issued a decision, finding Plaintiff not disabled from May 21, 2015 through the date of the decision.  (CAR, Doc. No. 12-3 at 37).  On April 23, 2019, the Appeals Council denied Plaintiff relief.  Plaintiff then filed a Complaint with this Court on August 17, 2019, after being permitted an enlargement of time from the Appeals Council.  (Doc. No. 1 at 2-3).

### C. Summary of ALJ's Decision

An ALJ must perform a five-step sequential evaluation to determine if a claimant is disabled.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  In summary, the evaluation consists of:

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R, Pt. 404, Subpt. P. App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

---

2 *See* 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A), 20 C.F.R. §§ 44.1505, 416.905.
3 *See* 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20

> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1995).   The claimant bears the burden of proof in the first four steps. *Bowen*, 482 U.S. at 146.  And the Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

The Social Security Administration ("SSA") conducts the "administrative review process in an informal, non-adversarial manner." 20 C.F. R. §§ 4040.900(b), 416.1400.  Unlike judicial proceedings, SSA hearings are inquisitorial, rather than adversarial. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1152 (2019).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).

Here, the ALJ recognized and applied the five-step review process. (CAR, Doc. No. 12-3 at 26-37, *see also id*. at 29-30).  The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017.  (*Id*. at 31).  As for step one, the ALJ found Plaintiff was not engaged in substantial gainful activity since December 1, 2014, the alleged onset date.  (*Id*.).

Regarding step two, the ALJ determined Plaintiff had the following severe medical impairment characterized as:  degenerative disc disease of the lumbar spine, morbid obesity, and greater trochanteric bursitis.  (*Id*. at 31-32).  At step three, the ALJ determined Plaintiff did not have an impairment, or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (*Id*. at 32-36).  Regarding the residual functional capacity, the ALJ found:

> After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), which consists of lifting and carrying up to 20 pounds occasionally and 10 pounds frequently, standing and walking up to 2 hours in an 8-hour workday, and sitting 6-8 hours in an 8-hour workday.  She is limited to frequent kneeling; and occasional stooping, crouching, crawling, and climbing.

(*Id.* at 32).  Consequently, at step four, the ALJ determined Plaintiff is capable of doing her past relevant work as an accounting clerk and personnel manager.  (*Id*. at 36).

As to step five, the ALJ heard testimony from a vocational expert that Plaintiff "could perform the occupations of an accounting clerk and personal manager." (*Id*.).  In addition to these jobs, the ALJ identified retail manager and department manager.  (*Id.*).  Based on the entirety of the record, including the testimony of the claimant and a vocational expert, the ALJ found Plaintiff not to be disabled, as defined by the Social Security Act, from December 1, 2014 through present.  (*Id.*).

## II.  Standard of Review and Analysis

Plaintiff's appeal presents the following issue:  whether substantial evidence supports the administrative law judge's decision.  (*See* Pl. Initial Brief at 2-3, Reply).  Plaintiff identifies two issues for review: (1) whether the ALJ failed to properly consider Dr. Sullivan's medical statements; and (2) whether the ALJ committed harmful error by failing to provide clear and convincing evidence for rejecting Plaintiff's credibility regarding the severity of her pain symptomology.

This court reviews the Commissioner's decision to determine whether it is based on proper legal standards under 42 U.S.C. § 405(g) and whether substantial evidence in the record supports it.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted).  It is more than a mere scintilla, but less than a preponderance.  *Connett v. Barnhart*, 340 F.3d 625, 630 (9th Cir. 2007) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  But the court must "consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Tackett*, 180 F.3d a 1098 (citations omitted).  The court "may only consider the reasons provided by the ALJ in the disability determination and 'may not affirm the ALJ on a ground upon which he did

not rely.'" *Luther v. Berryhill*, 891 F. 3d 872, 875 (9th Cir. 2018) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014)). "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti*, 533 F.2d at 1038.

### 1. Dr. Sullivan's medical source statement

Plaintiff argues the ALJ failed to properly consider a medical source statement provided by Dr. Sullivan, who is a chiropractor. (Reply at 1-6). Plaintiff asserts the ALJ gave "no weight" to Dr. Sullivan's opinion because it was rendered before the alleged onset date, and because the ALJ noted that a "chiropractor is not an acceptable medical source." (*Id*. at 1). In summary, Plaintiff contends this was harmful error, because Dr. Sullivan found: Petitioner cannot accomplish prolonged repetitive bending, lifting, or stooping; cannot lift over 15 pounds; cannot walk for more than 1-hour without a short break; cannot sit for longer than 2-hours without a short break; and is limited to light work. (*Id*. at 2). Plaintiff further characterizes Dr. Sullivan as a "treating chiropractor." (*Id*.). Additionally, or alternatively, Plaintiff attributes error to the ALJ for finding Plaintiff capable of doing "light" work, similar to Sullivan's finding, when the facts describing the work are properly characterized as "sedentary" work under the applicable guidelines. (Reply at 4-5).

As stated *supra*, the ALJ, not this court, is in the position to act as the finder of fact and weigh the evidence. This court upholds the ALJ's decision when the evidence is suspectable to more than one rational interpretation. *Id*. (citations omitted).

The Ninth Circuit employs a hierarchy to medical opinions affording weight to medical opinions by whether they are proffered by treating, examining, or non-examining professionals. *Holohan v. Massanari*, 246 F.3d 1195, 1201-1202 (9th Cir. 2001); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional who has greater opportunity to know and observe the patient as an individual. *Id*. While an opinion from a chiropractor is considered to not be an "acceptable medical source" under 20 C.F.R. § 404.1513(a), an ALJ may still consider the medical opinion as it falls under the "other" category. *See* 20 C.F.R. § 404.1513(d)(1) (emphasis added). "Medical opinions that predate the

1  alleged onset disability are of limited relevance." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533
2  F.3d 1155, 1165 (9th Cir. 2008) (citing *Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989)).
3  Despite its limited relevance, the Ninth Circuit in an unpublished decision has held that an ALJ
4  must consider all medical opinion evidence, even if it predates the alleged onset of the disability.
5  *See Williams v. Astrue*, 493 F. App'x 866, 868 (9th Cir. 2012).

6  Here, Plaintiff's reference to Dr. Sullivan, the chiropractor, as a "treating" chiropractor is
7  a misnomer to the extent it should not be confused with a "treating physician." **See** 20 C.F.R. §
8  404.1502 (defining treating physician); *see also Benton ex rel. Benton v. Barnhardt*, 331 F.3d
9  1030, 1036 (9th Cir. 2003) (recognizing treating physician as a physician who has seen the
10 claimant a limited number of times—depending on the treatment and evaluation required for the
11 claimant's medical condition. This is not necessarily defined by frequency of visits but is more
12 properly viewed as a series of points on a continuum affording more weight to doctor who has
13 examined and has knowledge of patient, as opposed to reviewing only medical records).
14 Regardless, the ALJ did note and review the findings of Dr. Sullivan, a chiropractor, and properly
15 pointed out that although the findings did not fall within the ambit of "acceptable medical
16 sources" under the administrative regulations, it did properly constitute "other sources." (CAR,
17 Doc. 12-3 at 35). The ALJ in recognizing Dr. Sullivan's opinion discounted it and gave it no
18 weight because the report was rendered before the alleged date of onset. (*Id.*); *see Carmickle*, 533
19 at 1165.

20 Reading the ALJ's opinion in its entirety, along with reviewing the medical record, it is
21 evident that the ALJ based her disability determination on the medical opinions and notes of Glen
22 Fujihara, M.D., a physician who saw and treated Plaintiff many times during the applicable time
23 period following the alleged date of disability onset and other treating physicians, including, pain
24 management specialist Robert Salazar, M.D., and orthopedic surgeon Kamran Aflatoon.
25 Significantly, Dr. Fujihara's notes contradicted Dr. Sullivan's medical notes in many respects,
26 including the amount of weight Plaintiff could lift (according to Dr. Fujihara, 25 pounds, plus
27 Plaintiff was capable of some bending, kneeling, and squatting, as opposed to the 15 pound-
28 weight-limit referenced by Dr. Sullivan). And Dr. Fujihara's notes reflected Plaintiff's

improvement with treatment. The ALJ further noted that Dr. Fujihara's notes were consistent with the State medical agency's evaluation of Plaintiff. In pertinent part, the ALJ wrote:

> January 2015 treatment notes show that she reported that she was looking for a sedentary job. She complained of lumbar pain radiating into the left hip, at a 2/10 pain level with medications. . . . Gait was normal. Range of motion was within normal limits. She weighed 274 pounds, with a Body Mass Index (BMI) of 43.56, which is considered morbidly obese by the National Heart, Lung, and Blood Institute. Glen Fujihara, M.D., found that the claimant was at maximum medical improvement on November 5, 2014, with lifting and carrying 20 pounds, bending occasional, and sitting up to 15 minutes per hour. March 2015 notes show that she had been out of medications for 3 weeks but was continuing a home exercise program. April 2015 notes show that she reported improvement in her back pain with acupuncture. May 2015 notes show that she had normal gait and was able to walk on heels and toes. June 2015 notes show improvement of her hip pain with injection. Dr. Fujihara found that the claimant was able to lift and carry up to 25 pounds frequently, with occasional bending, squatting, and kneeling limitations. July 2015 notes show she complained of 3/10 pain, radiating into the left thigh. However, gait was normal. . .. August 2015 notes show that that she indicated that her back and hip still hurt but were better. . .. Some weight is given to the opinions of Dr. Fujihara, to the extent that they are consistent with the residual functional capacity determination, as they account for her degenerative disc disease, trochanteric bursitis, and obesity.
>
> The record contains opinions from a State agency medical consultant, which assessed the claimant with the ability to perform light external work with postural limitations. . . . The undersigned gives great weight to these assessments as they are supported by the record as a whole, which shoes improvement with treatment. . .. These opinions are also consistent with the opinions of Dr. Fujihara. . .. The State agency consultants are highly qualified and experts in Social Security disability evaluation.

CAR, Doc. 12-3 at 34-35. Thus, based on a review of the record, the ALJ did not commit error, harmless or otherwise, by not affording any weight to a chiropractor's report, dated before the alleged date of disability onset, which is not deemed an acceptable medical source under the guidelines and by evaluating the record in totality before concluding that Plaintiff is not disabled as defined by the Social Security Act.

### 2. ALJ's rejection of Plaintiff's severity of her pain symptomology

Plaintiff next asserts that the ALJ needed "clear and convincing" reasons for rejecting Plaintiff's assertion about the severity of her pain symptomology. (Reply at 6).

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia,* medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotations and citations omitted). The limiting effects of pain is subjective and difficult to measure. *Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020). Therefore, the ALJ's assessment of the claimant's credibility is especially important. *Id.* (citing *Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989) (noting that [t]he ALJ's assessment of the claimant's credibility [is] exceptionally important in excess pain cases," which "often hinge entirely on whether or not the claimant's description of what he is feeling is believed."). An ALJ may not discredit the claimant's subjective complaints of pain solely because the objective evidence fails to fully corroborate the degree of pain alleged and must provide clear and convincing reasons when finding a claimants' pain testimony not credible. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014).

The record shows the ALJ carefully considered and weighed Plaintiff's testimony and subjective complaints of pain, along with the objective medical evidence, and other factors. (*See* CAR, Doc. No. 12-3 at 33-36). The ALJ recognized that a claimant's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by objective medical evidence alone. So, in addition to considering the Plaintiff's subjective complaints of pain, and the objective medical records, the ALJ also considered:

> (1) the claimants daily activities; (2) the location, duration, frequently, and intensity of the claimant's pain or other symptoms; (3) facts that precipitate or aggravate the symptom's (4) the type, dosage, effectiveness and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the claimant uses or has used to relieve pain or other symptoms (i.e. lying flat on his or her back, standing for 15 to 20 minutes every hour, of sleeping on a board); and (7) any other

>> factors concerning the claimants functional limitations and restrictions due to pain or other symptoms.

(*Id.* 34-36).

Ultimately, the ALJ concluded that "the claimant's statements concerning intensity, persistence and limiting effects of these symptoms are not convincing to the extent they are inconsistent with the above residual functional capacity assessment." (*Id.* at 36). The ALJ noted a number of things Plaintiff described she could do, including, but not limited to personal care, preparing meals, household chores, caring for her grandchildren, and participating in various hobbies or community activities, including children's book writing, bible study, and choir. (*Id.* at 36). The Court agrees that there is substantial evidence supporting the ALJ's decision, primarily Plaintiff's residual functional capacity evaluation and the medical notes from the Plaintiff's treating physicians.

### III.  Conclusion

Having reviewed the record, the memoranda, and the applicable law, the Court finds substantial evidence supports the ALJ's decision.  Further, the Court finds there was either no error, or no harmful error, in the ALJ's application of the correct legal standard.  Thus, the Commissioner's decision is affirmed under 42 U.S.C. § 402(g).

Accordingly, it is **ORDERED**:

1. The decision of the Commissioner of Social Security is **AFFIRMED** for the reasons set forth above.

2. The Clerk of Court is directed to enter judgment in favor of the Commissioner of Social Security and terminate any pending motions/deadlines and close this case.

Dated:    September 10, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE